**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
Jacqueline Mandel, Esq. (Cal Bar 317119)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
Email: jmandel@sanderslaw.group
File No.: 128724

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Watson Music Group, LLC. d/b/a Quadrasound Music,<br><br>Plaintiff,<br><br>v.<br><br>Cloud V Enterprises,<br><br>Defendant. | Case No.  2:23-cv-08761-SPG-JPR<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Judge: Hon. Sherilyn Peace Garnett<br>Magistrate Judge: Hon. Jean P. Rosenbluth<br><br>Complaint Filed: October 18, 2023 |

Plaintiff Watson Music Group, LLC. d/b/a Quadrasound Music ("Plaintiff") via counsel, respectfully submits this response to the Court's Order to Show Cause dated April 18, 2024. (*Dkt. No.* 20).  For the following reasons, the Court should decline to dismiss the case for failure to prosecute.

Plaintiff was unable to serve Defendant's registered agent. Thus, on January 4, 2024, Plaintiff filed an Unopposed Motion to Serve the California Secretary of State. (*Dkt. No.* 12). On January 31, 2024, the Court granted this Motion. (*Dkt. No.* 16). Thereafter, on February 14, 2024, Defendant Cloud V Enterprises ("Defendant") was served with a copy of the Summons and Complaint in this matter

through the California Secretary of State. (*Dkt. No.* 17). Defendant's responsive pleading was due on March 6, 2024.

As Defendant failed to respond to the Complaint or request an extension to do so, Plaintiff promptly filed a Motion for Entry of Default on March 12, 2024. (*Dkt. No.* 18). Plaintiff simultaneously mailed a copy of the Motion for Entry of Default to Defendant on March 12, 2024. The Clerk entered default against Defendant on March 13, 2024. (*Dkt. No.* 19).

In an abundance of caution, Plaintiff conducted research into alternative methods of contacting Defendant. On March 29, 2024, Plaintiff notified Defendant of the Clerk's entry of default via electronic correspondence. Plaintiff indicated that it was interested in reaching a resolution in lieu of filing a motion for default judgment.

On April 3, 2024, Plaintiff received a voicemail from Defendant's attorney. The parties are now actively attempting to resolve this matter. As Defendant has now acknowledged the lawsuit and been in communication with Plaintiff, Plaintiff requests additional time to negotiate a possible settlement in this matter in lieu of wasting the Court's resources. If the parties are unable to reach an amicable resolution, Plaintiff intends to file a Motion for Entry of Default Judgment. Defendant will not suffer any prejudice as it is aware of this action and has now been in contact with Plaintiff's counsel.

Finally, "there is a preference in the Federal Courts to decide cases on their merits, rather than on technical or procedural grounds." *Camp v. Colvin*, No. 14-CV-6143T, 2014 WL 6474630, at *2 (W.D.N.Y. Nov. 19, 2014); *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible."). Here, Plaintiff has asserted a meritorious copyright infringement claim that should be decided on the merits rather than dismissed on technical grounds.

Based on the foregoing, Plaintiff respectfully requests that the Court not dismiss this action for lack of prosecution and allow it an additional forty-five days to file a Motion for Default Judgment.

DATED: May 3, 2024

**SANDERS LAW GROUP**

By: _/s/ Jacqueline Mandel_
Craig Sanders, Esq. (Cal Bar 284397)
Jacqueline Mandel, Esq. (Cal Bar 317119)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
Email: jmandel@sanderslaw.group
File No.: 128724

*Attorneys for Plaintiff*